IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PISCIOTTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00102-DGK-SSA |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Timothy Pisciotta's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disk disease of the lumbar spine, bilateral knee disorder, diabetes mellitus, obesity, obstructive sleep apnea, depression, and anxiety disorder, but he retained the residual functional capacity ("RFC") to perform sedentary work with a variety of restrictions. The ALJ held Plaintiff could not perform any past relevant work, but could work as a document preparer, circuit board assembler, and packager.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed an application for disability insurance benefits on March 6, 2019, alleging a disability onset date of January 26, 2019.  The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ.  The ALJ held a hearing and on July 1, 2020, issued a written decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on January 17, 2020, leaving the ALJ's decision as the Commissioner's final decision.  Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors.  *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016).  Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close").  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred at Step Two by failing to properly evaluate the severity of his carpal tunnel syndrome ("CTS"), contending that while he acknowledged it was a medically determinable impairment, he should have ruled it was a severe impairment.[2]

**I.  The ALJ did not err in evaluating the severity of Plaintiff's CTS.**

To meet the Step Two "severity" requirement, Plaintiff had the burden of showing his CTS was (1) a "medically determinable" impairment which (2) significantly limited his physical or mental ability to perform basic work activities without regard to age, education, or work experience for the required twelve-month duration. 20 C.F.R. §§ 416.920(c), 416.921(a); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). An impairment is "non-severe" if it has no more than a minimal impact on an individual's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a); SSR 96-3p, 1996 WL 374181, at *1 (July 2, 1996). "Basic work activities" include physical functions such as walking, reaching, carrying, or handling. 20 C.F.R. § 404.1522(b)(1). Slight abnormalities that do not significantly limit a basic work activity are

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] As discussed in part II of this order, Plaintiff raises an additional argument in his reply brief which the Court will not consider because it was raised for the first time in the reply brief.

considered "not severe." *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989). Although severity is not an onerous requirement, it is not a toothless standard. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

Here, the ALJ did not err in evaluating Plaintiff's CTS and finding it was not a severe impairment. Concerning Plaintiff's CTS, the ALJ wrote at Step Two

> Finally, testing performed in September 2019 revealed evidence of mild to moderate carpal tunnel syndrome in his wrist. He reported twitching and discomfort in his left upper extremity in September 2019, and findings from early 2020 revealed positive Phalen's and Tinel's signs in the left upper extremity along with other evidence of functional deficits in his hand. Nevertheless, the evidence does not demonstrate more than minimal effect on his overall functioning. Additionally, any indication that his symptoms could be in connection with radiculopathy stemming from his severe impairments have been considered subsequently in this decision. Thus, the undersigned finds that this is a nonsevere impairment.

R. at 18 (citations omitted). The record supports this finding. The doctor's investigation of Plaintiff's muscle twitching indicated these were likely benign processes. R. at 2190. During the diagnostic testing, Plaintiff was incidentally diagnosed with mild-to-moderate CTS, but nothing in the record indicates it significantly limited Plaintiff's ability to work. R. at 2233, 2235. No doctors recommended any work limitations based on his CTS, and in the wake of his doctors' reports that his symptoms were not related to CTS, Plaintiff did not complain about CTS further. Plaintiff did not identify CTS as an impairment at his disability hearings, nor did he allege any limitations regarding his left hand or arm. R. at 42-46, 53-60. In fact, although Plaintiff's attorney cross-examined the vocational expert about including additional limitations from other impairments in the RFC for the hypothetical question, none of those limitations related to CTS. R. at 63-65. Hence, the ALJ did not err in evaluating Plaintiff's CTS at Step Two.

**II.     The Court will not consider the new argument raised in Plaintiff's reply brief.**

Finally, the Court notes that in Plaintiff's reply brief he expands his argument beyond CTS to complain about other, unspecified "hand impairments" generally, apparently seeking to leverage other evidence in the record suggesting that Plaintiff's ability to make a composite fist or touch his thumb to his pinky was arguably limited. There is, however, no evidence that these unspecified hand impairments were related to his CTS, the ALJ's treatment of which is what Plaintiff complained about in his opening brief.

More specifically, in his reply brief Plaintiff argues for the first time that

> the ALJ's error was compounded when he failed to consider Pisciotta's *hand impairments* when determining the RFC. To the extent the Defendant argued, or that the ALJ's decision can be read to find, that Pisciotta's hand impairments were attributable to some impairment other than CTS, the ALJ also failed to consider that possibility when evaluating the RFC. These errors caused Pisciotta harm because had the ALJ appropriately considered Pisciotta's *hand impairments*, he would not have concluded Pisciotta was capable of performing the jobs identified by the ALJ.

Reply at 5, ECF No. 20 (emphasis added). This is a new argument raised for the first time in Plaintiff's reply brief, so the Court will not consider it. *See Mahaney v. Warren County*, 206 F.3d 770, 771 n.2 (8th Cir. 2000) ("Claims not raised in an initial brief are waived, and we generally do not consider issues raised for the first time ... in a reply brief." (citations omitted)).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  May 9, 2022                                               /s/ Greg Kays
                                                                 GREG KAYS, JUDGE
                                                                 UNITED STATES DISTRICT COURT